# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHRISTINA RODRIGUEZ-DENSLEY** and **WILLIE DENSLEY**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> *Defendant*. | **CIVIL ACTION NO.** <br> **5:17-cv-00026-TES** |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court for consideration is a Motion for Summary Judgment [Doc. 20] filed by the United States of America. Defendant argues that the United States, as an allegedly vicariously liable employer, effectively merged with its employee to form a single tortfeasor under Georgia law so that Plaintiffs' release of its employee released the United States. *See generally* [Doc. 20-3]. After consideration of the arguments presented by both parties, the Court rules as follows:

### I. FACTUAL BACKGROUND

The facts of this case are straightforward.[1] Joseph Lee Phillips, a United States Postal Service employee, and Plaintiff Christina Rodriguez-Densley, had a car accident.

---

[1] Local Rule 56 states, "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." LR 56 MDGa. Plaintiff did not respond to Plaintiffs' Statement of Material Facts [Doc. 20-1]. In addition to a lack of response pursuant to Local Rule 56, Plaintiffs' Response

[Doc. 1, at ¶¶ 5-9]; [Doc. 8, at ¶¶ 5-7]; *see also* [Doc. 20-1, at ¶ 1]. Plaintiffs allege that Phillips is at fault for the injuries Rodriguez-Densley sustained as a result of the accident, for which she and her husband now sue Philips' employer—the United States of America, under the sole theory of vicarious liability. [Doc. 1, at ¶ 13].

At the time of the accident, Phillips, while in the course and scope of his employment as an employee of the United States Postal Service,[2] was driving a "tan 2000 Chevrolet truck" [Doc. 1, at ¶¶ 6-7]; [Doc. 8, at ¶¶ 6-7], and carried personal automobile insurance through Georgia Farm Bureau. *See* [Doc. 20-2, at ¶ 1]. Plaintiffs made a claim for damages arising from the accident and ultimately settled with Phillips. *See generally* [*id.*]. As a part of the settlement, Plaintiffs executed a Limited Liability Release ("Release") discharging Plaintiffs' claims against Phillips and Georgia Farm Bureau for the consideration of $100,000.00. [*Id.* at ¶ 1]. This case turns on the interpretation of this portion of the Release:

> This Limited Release shall not operate as a release of any other persons of entities not specifically named herein and shall not operate as a release of the undersigned's claims against any other tortfeasor or insurance carrier not named herein. . . . The parties hereto agree that the consideration paid to Releasors does not fully compensate them for their injuries.

---

[Doc. 23] does not offer its own recitation of facts, therefore the Court constructed the following Factual Background from the Complaint [Doc. 1] and the "admitted" paragraphs from Defendant's Answer [Doc. 8].

[2] The United States Postal Service is an agency of the Government of the United States. *See Dolan v. U.S. Postal Service*, 546 U.S. 481, 483 (2006) ("[T]he Postal Service is an 'independent establishment of the executive branch of the Government of the United States.'") (quoting 39 U.S.C. § 201).

*See* [Doc. 20-2].

## II.　SUMMARY JUDGMENT STANDARD[3]

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In this case, there are no disputed questions of material fact, therefore the only question before the Court is a question of law. If the Court agrees with Defendant's argument that Plaintiffs' release of its employee releases the United States, then this case is over. Conversely, if the Court disagrees, then the Plaintiffs' vicarious liability claims against the government will proceed. Therefore, the decisive issue for determination is dispositive in nature and clearly a question of law.

## III.　DISCUSSION

When reviewing these types of issues, the Court must look to the law of the state in which the district court sits. 28 U.S.C. § 1346(b)(1).[4] Three other circuit court decisions

---

[3] Defendant argues in its Motion [Doc. 20-3] that "Plaintiffs' claims have been released and their complaint *fails to state a claim* under Fed. R. Civ. P. 12(b)(6)" and therefore, "Plaintiffs' case is subject to *summary judgment*." [Doc. 20-3, at 1] (emphasis added). Plaintiffs' Response [Doc. 23] does not address this apparent "wire crossing" of the Federal Rules of Civil Procedure and does not raise any question as to which standard the Court should apply in ruling on Defendant's motion. In order to alleviate this issue, the Court notes that Plaintiffs did not file a copy of the Release as an attachment to their Complaint [Doc. 1], however Defendant did file a copy of the Release contemporaneously with its Motion for Summary Judgment. [Doc. 20-3 in connection with 20-2]. Therefore, in addition to the fact that Defendant styled its motion as a Motion for Summary Judgment [Doc. 20], and given that the instant motion requires the Court to consider materials outside of the Plaintiffs' complaint, the summary judgment standard is appropriate. *See* Fed. R. Civ. P. 12(d); *see also* Fed. R. Civ. P. 56(c)(1)(A).

[4] Under the jurisdictional provision of the FTCA, 28 U.S.C. § 1346(b) (1988), federal courts have exclusive jurisdiction over

3

take this direction, looking to local law to determine the effect, as to a successor FTCA action against the United States, of a release provided by a government employee whose allegedly negligent operation of a motor vehicle resulted in prior litigation. *See Scoggin v. United States*, 444 F.2d 74, 74-75 (10th Cir. 1971) (per curiam) (no claim against the United States under Oklahoma law); *Land v. United States*, 342 F.2d 785, 786 (10th Cir. 1965) (per curiam) (same); *Bacon v. United States*, 321 F.2d 880, 883-84 (8th Cir. 1963) (no claim against United States under Missouri law). "This accords with the general rule . . . that the legal effect of a release upon the government's FTCA liability is to be determined by local law, following the mandate of § 1346(b)." *Branch v. United States*, 979 F.2d 948, 951 (2d. Cir 1992). In its brief, Defendant concedes that there is no Eleventh Circuit interpretation of Georgia law on the narrow question currently presented to the Court.

However, in opposition to Defendant's Motion [Doc. 20], Plaintiff cites to the Georgia Supreme Court case of *Miller v. Grand Union Co.* 512 S.E.2d 887 (Ga. 1999). *Miller* involved a security company, Grand Union Company, who employed two individuals as security guards at one of its retail stores. *Id.* at 887. One security guard purportedly observed

---

claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Branch v. United States.*, 979 F.2d 948, 950-51 (2d Cir 1992) (holding that the effect of the release provided [by] Branch [to] [employee] upon the FTCA liability of the United States to Branch is governed by [state] law, "the law of the place where the vehicular collision occurred.") (quoting § 1346(b)).

shoplifting by Plaintiff Miller. *Id.* Eventually, the shoplifting charges against Miller were *nolle prossed* because of an exculpatory affidavit given by the security guard. *Id.* In exchange for the affidavit, Miller executed a covenant not to sue the security guard, but instead, she sued Grand Union for false imprisonment, assault, and battery based on a theory of vicarious liability. *Id.*

The Georgia Supreme Court, in *Miller*, concluded that "the execution of a covenant not to sue ***or a release*** in favor of an employee does not discharge an employer who is alleged to be vicariously liable[5] for the tortious acts or omissions of that employee, unless the instrument names the employer." *Id.* at 888 (emphasis added). The Georgia Supreme Court took extra efforts to ensure the clarity and strength of *Miller's* holding by expressly overruling *Posey v. Med. Ctr.-W., Inc.*, 354 S.E.2d 417 (Ga. 1987) and *Harris v. Hanna Creative Enter.*, 430 S.E.2d 846 (Ga. 1993). In its penultimate paragraph, the court stated, "To the extent that *Harris v. Hanna Creative Enterprises*, [] or any other case suggests that a release which names only the employee has the effect of also releasing the employer from liability, such a holding is premised upon a misinterpretation of *Posey* and is hereby specifically overruled." *Id.* at 888-89 (signal omitted).

---

[5] Defendant's Statement of Material Facts states that "[t]he United States' alleged liability is vicarious and not independent of the actions of Joseph Lee Phillips." [Doc. 20-1, at ¶ 3].

In this case, the Release does not expressly name Phillips' employer, the United States Postal Service, i.e., the United States itself.[6] For the reasons that follow, Defendant's Motion for Summary Judgment [Doc. 20] lacks support under Georgia's current and precedential law.[7]

In support of its argument, Defendant cites a plethora of cases from nine different states as well as the Eighth and Tenth Circuit Courts of Appeals that clearly support its argument.[8] One such case is an Eighth Circuit Court of Appeals case wherein that Court, applying Missouri law ("[a] valid release of a servant from liability for torts operates to release the master"), overrode language contained in a covenant not to sue. *Bacon v. United States*, 321 F.2d 880, 884 (8th Cir. 1963). *Bacon's* application of Missouri law certainly supports Defendant's argument that "the absolution of an employee through operation of law releases the employer." *Id.* However, as stated above, Georgia law applies in this case.

In an effort to combat *Miller's* extraordinarily clear holding that "only those parties *named* in the release will be discharged by that instrument" Defendant directs the Court

---

[6] "The [Federal Tort Claims Act], in turn waives sovereign immunity in two different section of the United States Code. . . . As a consequence, the United States may be liable if postal employees commit torts under local law . . ." *Dolan*, 546 U.S. 481, 484-85 (2006).

[7] See GA. CONST. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents."); Art. VI, Sec. V, Par. III ("The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents.").

[8] As noted above, Defendant candidly points out that "there are no Eleventh Circuit cases with facts similar to those of the case at bar." [Doc. 20-3, at 5].

to the comparable, yet distinguishable, Georgia Court of Appeals case, *PN Exp. Inc. v. Zegel*, 697 S.E.2d 226 (Ga. Ct. App. 2010). Mainly, Defendant uses *PN Exp.* to describe Georgia's characterization of agents and vicarious principals: "where a party's liability is solely vicarious, that party and the actively-negligent tortfeasor are regarded as a single tortfeasor." *Id.* at 233.

*PN Exp.* dealt with the defendant-employer's appeal after the trial court declined to charge the jury on Georgia's apportionment statute. *Id.* Without this charge, the jury could not apportion damages between PN Express, Inc. and its employee-driver for injuries that the plaintiffs sustained from an incident involving a PN Express, Inc. commercial tractor-trailer. *Id.* at 228-29. Ultimately, the Georgia Court of Appeals affirmed the trial court's decision to withhold the apportionment jury instruction and held that "a *verdict* exonerating the employee also exonerates the employer." 697 S.E.2d at 233 (emphasis added). Thus, *PN Exp.* offers little help to Defendant because it dealt with a jury verdict whereas *Miller* involves a limited liability release well before the trial.

Simply put, *PN Exp.* did not overrule or undermine *Miller* in any way. Moreover, neither party nor the Court discovered any case that called *Miller* into question. Therefore, *Miller* remains the Georgia Supreme Court's last expression on this issue, and until such time *Miller's* holding is called into doubt or overruled, this Court is obligated to follow it.

## IV. CONCLUSION

Given that Defendant's Motion for Summary Judgment [Doc. 20] did not present a question of fact and that the Court answered the legal question before it against Defendant, the Court **DENIES** Defendant's Motion for Summary Judgment [Doc. 20].

**SO ORDERED**, this 16th day of July, 2018.

<u>**S/ Tilman E. Self, III**</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**